1 | Peter Afrasiabi Esq. (Bar No. 193336)
  | pafrasiabi@onellp.com
2 | **ONE LLP**
  | 4000 MacArthur Boulevard
3 | Each Tower, Suite 500
  | Newport Beach, CA 92660
4 | Phone:      (949) 502-2870
  | Facsimile:  (949) 258-5081
5 | www.onellp.com

6 | Joanna Ardalan, Esq. (Bar No. 285384)
  | jardalan@onellp.com
7 | **ONE LLP**
  | 9301 Wilshire Boulevard
8 | Penthouse
  | Beverly Hills, CA 90210
9 | Phone:   (310) 437-8665

10 | *Attorneys for Plaintiff, AKM-GSI Media, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| AKM-GSI MEDIA, Inc., a California corporation, | Case No.: |
|---|---|
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. **COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)** |
| LOOKLIVE, INC., a Delaware corporation, and DOES 1-10, inclusive, | 2. **REMOVAL & FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION (17 U.S.C. § 1202)** |
| Defendants. | |
| | **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff, AKM-GSI, Media, Inc., complains against Defendant, Looklive, Inc., a Delaware corporation and DOES 1-10 (collectively, "Defendants" or "Looklive") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* and removal and falsification of copyright management information under 17 U.S.C. § 1202. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, the Defendant may be found and transact business in this judicial district, and the injury suffered by Plaintiff took place in this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

3. Plaintiff AKM-GSI Media, Inc. ("AKM-GSI") is a California corporation existing under the laws of California, with its principal place of business located in Redondo Beach, California.

4. Defendant Looklive, Inc., is incorporated and existing under the laws of Delaware, with its principal place of business in Atlanta, Georgia.

5. The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

*AKM-GSI and the Photographs that Frame This Dispute*

6. AKM-GSI owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation of regularly breaking scoops on sought

after celebrity news. It owns the intellectual property rights, including the copyrights, to celebrity photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

7.     Among many other in-demand photographs, AKM-GSI owns coveted photographs of well-known celebrities such as Bradley Cooper, Ryan Lochte, Joe Jonas, Cheryl Burke, Jay-Z, Vanessa Hudgens, Nicki Minaj, T.I., Nick Young, Paloma Ford, Chanel Iman, Gigi Hadid, Zayn Malik, Alessandra Ambrosio, Lucy Hale, Travis Scott, Emma Roberts, (herein referred to as "AKM-GSI Photographs"), among many others. All rights, title and interest in the AKM-GSI Photographs (the photographs at issue in this case), including but not limited to the copyrights thereon, are owned by AKM-GSI.

8.     AKM-GSI filed for copyright registration of the AKM-GSI Photographs within 90 days of their first publication with the United States Copyright Office. A true and correct copy of the copyright registrations/applications is attached as Exhibit A.

*Defendants and Their Willful Infringing Activity*

9.     On information and belief, Defendant Looklive owns and operates a website, www.looklive.com, as well as a Looklive smart phone "shopping" application. The phone application is currently available for download through iTunes. Both the website and the smartphone application display photographs of celebrities and allow users to shop for the same or similar clothing as shown in the celebrity photographs. As explained by Cedric Rogers, a co-founder of Looklive, in a recent interview for Y Combinator, "[u]sers browse through [] images to see what their favorite celebrities are wearing or discover what's in style right now. If they find a product or outlet that they like, they can click on the image and purchase the product directly through our app." He also explained that "[o]ftentimes these products are out of the price range so we also suggest similar products at a lower price point, making style more accessible to the general consumer."

10. Looklive is directly responsible for misappropriating celebrity photographs by posting them on its website and phone application. According to a recent TechCrunch article, "Looklive crawls the web for celeb photos, then aggregates the best for use in the app, as also determined by human editors." Then, it matches the photographs to clothes which it offers for sale. TechCrunch also reported that as of August 19, 2016, "Looklive ha[d] over 60,000 products and 10,000 images of celebrity fashion looks. The service has reached roughly 1 million users, and revenue is growing at 25 percent per month. The company has reached over $120,000 monthly [gross merchandise volume]."

11. On information and belief, Looklive directly financially benefits every time a user purchases clothing through its website or phone app. On information and belief, Looklive has driven significant traffic to the Looklive website in large part due to the presence of the sought after and searched-for celebrity images that frame this dispute. All of this traffic translates into substantial ill-gotten commercial advantage and revenue generation for Looklive as a direct consequence of their infringing actions.

12. Even though Looklive's lucrative business model is entirely dependent on celebrity photographs, on information and belief, Looklive has failed to enter into licenses for its use of the copyrights to celebrity photographs, including the AKM-GSI Photographs that frame this dispute.

13. On information and belief, Looklive's goal of reaching users around the United States and beyond is evident in the advertising materials displayed, which include some that target Southern California specifically.

14. Looklive violated federal law by willfully infringing AKM-GSI's copyrights to at least 20 photographs on the Looklive website. Attached hereto as Exhibit B and incorporated herein by reference are screenshots showing infringement of the AKM-GSI Photographs on the Looklive website. The infringed AKM-GSI Photographs are those displayed in Exhibit B in the large frame and are not necessarily the photographs shown under the "Related Scenes" heading.

15. Specifically, Looklive induced, caused, or materially contributed to the reproduction, distribution and publicly-display of the AKM-GSI Photographs, and derivatives thereof, all while knowing or having reason to know of the infringement on its website and mobile phone application was without permission, consent, or license because, inter alia, the AKM-GSI Photographs are expressly credited with 'AKM-GSI' when published through legitimate licensed outlets and are professional-grade and high-resolution.

16. On information and belief, Defendants' acts of infringement are willful because, inter alia, the Defendants are sophisticated online publishers with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation. Cedric Rogers, a co-founder of Looklive, worked in business development and developer relations for Apple for 10 years. Greg Selkoe, another co-founder of Looklive, is a Harvard University graduate who, on information and belief, founded and managed an online fashion retail website, karmaloop.com, that has been selling product for over 15 years. Finally, Dr. Paul Q. Judge, another co-founder of Looklive, earned a PhD from Georgia Tech and founded and/or is involved in numerous tech startups that depend on intellectual property, such as a home wifi systems that allow for more consumer security, anti-fraud detection technology for phones, and even artificially intelligent robotic bartenders, among many other products and services.

17. On information and belief, Defendants' infringement of at least 20 of Plaintiff's photographs, and derivatives thereof, continues unabated to this very day.

## FIRST CLAIM FOR RELIEF

**(Copyright Infringement, 17 U.S.C. § 501 Against all Defendants**)

18. AKM-GSI incorporates hereby reference the allegations in paragraphs 1 through 17 above.

19. AKM-GSI is the owner of all rights, title, and interest in the copyrights of the AKM-GSI Photographs that frame this dispute, which substantially consist of material

wholly original and which are copyrightable subject matter under the laws of the United States.

20. AKM-GSI filed for copyright registration of the AKM-GSI Photographs within 90 days of their first publication with the United States Copyright Office. *See* Exhibit A.

21. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed AKM-GSI's copyrights by reproducing, displaying, distributing, and utilizing the AKM-GSI Photographs for purposes of trade violation of 17 U.S.C. § 501 *et seq.*

22. All of the Defendants' acts are and were performed without permission, license, or consent of AKM-GSI.

23. AKM-GSI has identified at least 20 instances of infringement by way of unlawful reproduction and display of AKM-GSI's photographs (as well as the unlawful facilitation of other's reproduction of its photographs).  This is likely only the tip of the proverbial iceberg and, if and when other infringements are determined and discovered in this case, AKM-GSI expressly reserves the right to amend the pleadings to include additional acts of infringement as needed.

24. As a result of the acts of Defendants alleged herein, AKM-GSI has suffered substantial economic damage.

25. Defendants have willfully infringed, and unless enjoined, will continue to infringe AKM-GSI's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Looklive's infringement and the financial benefit it receives from AKM-GSI's copyrights.

26. The wrongful acts of Defendants have caused, and are causing, injury to AKM-GSI, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, AKM-GSI will suffer irreparable injury, for all of which it is without an adequate remedy at law.  Accordingly, AKM-GSI seeks a

declaration that Defendants are infringing AKM-GSI copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

27. The above-documented infringements alone would entitle AKM-GSI to a potential award of up to $ 3 million in statutory damages for the at-least 20 infringed photographs, in addition to its attorney's fees.

## SECOND CLAIM FOR RELIEF

### (Removal & Falsification of Copyright Management Information, 17 U.S.C. § 1202 Against Looklive)

28. AKM-GSI incorporates hereby reference the allegations in paragraphs 1 through 27 above.

29. Each of the AKM-GSI Photographs contained information regarding the author and copyright owner of the work, including such information embedded as IPTC (International Press Telecommunications Council) Metadata, and the name of, and other identifying information about, the author of the work and the copyright owner of the work that constitutes "copyright management information" as defined under 17 U.S.C. § 1202(c)(2) & (3).

30. As illustrated by Exhibit B and detailed *supra*, in conjunction with their public display of the AKM-GSI Photographs, Looklive has removed AKM-GSI as the owner of the AKM-GSI Photographs and has omitted the name of the photographer. On information and belief, Looklive knowingly removed the copyright management information despite having full knowledge of AKM-GSI's rights.

31. As illustrated by Exhibit B, in conjunction with the public display of the AKM-GSI Photographs, Looklive included a "LOOKLIVE" watermark on AKM-GSI's Photographs, thus falsifying copyright management information and making it appear as though it is the true owner of the photographs.

32. As such, Plaintiff is informed and believes and on that basis alleges that Looklive knowingly, and without authority of AKM-GSI or the law, and with the intent to induce, enable, facilitate and/or conceal infringement of Plaintiff's copyright, removed

and/or caused or induced others to remove and falsified copyright management information in violation of 17 U.S.C. § 1202(a)(1) &(2).

33. Looklive's removal, alteration and falsification of copyright management information of the AKM-GSI Photographs and subsequent distribution of the AKM-GSI Photographs with said removed and falsified copyright management information was and is willful and intentional, and was and is executed with full knowledge of Plaintiff's rights under copyright law, and in disregard of Plaintiff's rights.

34. AKM-GSI is entitled to recover its actual damages suffered as a result of the violation and any profits of Defendants attributable to the violation and not taken into account in computing actual damages, or, at Plaintiff's election, statutory damages pursuant to 17 U.S.C. § 1203(c), of up to $25,000 per act of removal, falsification, and/or alteration.

35. AKM-GSI is entitled to recover costs and attorneys' fees from Looklive pursuant to 17 U.S.C. § 1203(b)(4) and (5).

36. Looklive's violation of 17 U.S.C. § 1202(a) has caused, and, unless restrained by this Court, will continue to cause, irreparable injury to Plaintiff not fully compensable in monetary damages. Under to 17 U.S.C. § 1202(a), Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendants from further such violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. The Defendant, and its officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photos of AKM-GSI;

2. The Court enter a seizure order directing the U.S. Marshall to seize and impound all items possessed, owned or under the control of Defendant, its officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon Plaintiff AKM-GSI copyrights, including but

not limited to any and all broadcasting materials, advertising materials, print media, signs, Internet web sites, domain names, computer hard drives, servers or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Plaintiff AKM-GSI's copyrights in the Photos as well as all business records related thereto, including, but not limited to, lists of advertisers, clients, customers, viewers, distributors, invoices, catalogs, and the like;

3. An accounting be made for all profits, income, receipts or other benefit derived by Defendant from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

4. Actual damages and disgorgement of all profits derived by Defendant from their acts of copyright infringement, removal, falsification, and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. §§ 504 (a)(1) & (b) and 1203(c)(2);

5. Statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c) and § 1203(c)(3));

6. Reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203(b)(5);

6. Costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 17 U.S.C. § 505 and 17 U.S.C. § 1203(b)(4); and

7. Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

Dated:  January 27, 2017              **ONE LLP**

              By: /s/ Joanna Ardalan
                 Joanna Ardalan
                 Attorneys for Plaintiff,
                 AKM-GSI Media, Inc.

## DEMAND FOR JURY TRIAL

Plaintiff AKM-GSI Media, Inc. hereby demands trial by jury of all issues so triable under the law.

Dated: January 27, 2017

**ONE LLP**

By: /s/ Joanna Ardalan
Joanna Ardalan
Attorneys for Plaintiff,
AKM-GSI Media, Inc.